IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

IN RE: §
 Marco A Mendoza §
§ CASE NO. 15-30345
§
    Debtor(s) §  Chapter 13 Proceeding

☑ **_AMENDED_** ☐ **_MODIFIED_**
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

A.  The Debtor's plan payment will be $ **400.00** per month, paid by ☐ Pay Order or ☑ Direct Pay, for **60** months. The gross amount to be paid into the plan is $ **24,000.00**.

B.  The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **14** % of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.  The value of the Debtor's non-exempt assets is **0.00**.

D.  If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| -NONE- | | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| -NONE- | |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| -NONE- | |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ____."*

_____
**Marco A Mendoza**
Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI (2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien--e.g. judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

## VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS. INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

  **A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| CitiMortgage, Inc. House and lot located at 11597 James Grant Drive, El Paso, TX 79936 | | 149,839.00 | 1,200.00 |
| City of El Paso Tax Assessor/ad valorem taxes | Ad valorem taxes for each year are escrowed | | |

  **B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to be Surrendered |
|---|---|
| -NONE- | |

**2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS**

  **A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the Debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| Salvador C. Ramirez ~16503700 | 3,000.00 | Along With | Attorney Fees |

  **B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| Attorney General of Texas, CSD | 7,601.09 | Along With | DSO arrears |

Form 11/7/05

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

C. Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| CitiMortgage, Inc. House and lot located at 11597 James Grant Drive, El Paso, TX 79936 | 7,200.00 | 157,039.00 | Prorata | 2.00 | 7,432.95 | Arrearage payment to secured creditor |

D. Cure claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| -NONE- | | | |

E. Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the Debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

F. General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

| Creditor | Estimated Amount of Debt | Remarks |
|---|---|---|
| *CitiMortgage, Inc. | 1,235.95 | |
| American Express | 914.00 | |
| Citibank | 11,216.00 | |
| Citicorp | 0.00 | |
| Credit Management | 0.00 | |
| Discover | 0.00 | |
| GECRB/Home Design | 77.00 | |
| GECU | 12,038.00 | |
| Internal Revenue Service | 0.00 | |
| Internal Revenue Service | 0.00 | |
| Time Warner | 58.00 | |
| U. S. Attormey General | 0.00 | |
| United States Attorney | 0.00 | |
| Verizon | 248.00 | |

*Indicates the unsecured portion of a Secured Claim, the nonpriority portion of a Priority Claim, or the full amount of an avoided Secured Claim.

Form 11/7/05

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                             Best Case Bankruptcy

Totals:

| | |
|---|---:|
| Administrative Claims | 3,000.00 |
| Priority Claims | 7,601.09 |
| Arrearage Claims | 7,200.00 |
| Cure Claims | 0.00 |
| Secured Claims | 0.00 |
| Unsecured Claims | 25,786.95 |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

(For purposes of these provisions, the term "debtor" will be used to refer to one or two debtors).

1. Unless the plan is a full pay plan, all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

2. If any secured proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless it is objected to. Said claim shall be paid under the plan at 9 % interest. Likewise, if any priority proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid any interest.

3. The debtor agrees to report to the trustee any changes in income that would necessitate modifying the plan by either increasing or decreasing the plan payment or increasing or decreasing the percentage payout to unsecured creditors.

4. Confirmation of the plan shall constitute authority for creditors, such as lien holders on real property and lien holders on vehicles, especially where the creditor is scheduled as "direct pay" or "outside' to send monthly statements as a convenience to the debtor and such statement shall not be considered a violation of the provisions of the automatic stay.

5. The debtor will be allowed to retain any tax refund received from Internal Revenue Service to be used for unforeseen emergencies during the life of the Plan.

6. Payments received by the holders or servers of the mortgage claims for ongoing post petition installment payments shall be applied and credited to the debtor's mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priorities specified in the note and security agreement and applicable non-bankruptcy law. Post petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

7. Holders and/or servicers of mortgage claims shall make adjustments to the ongoing installment payment

       amount as required by the note and security agreement and applicable non bankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable rate mortgage. Holders and/or servicers shall timely notify the debtor, debtor's attorney and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

8.     Payments disbursed by the trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrears necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized y the note and security agreement and applicable non bankruptcy law. Holders and/or servicers of mortgage claims shall deem the pre-petition arrears as contractually current upon confirmation of the plan.

9.     The holder and/or servicer of a mortgage claim shall provide to the debtor, debtor's attorney and trustee a notice of any fees, expenses or charges that have accrued during the bankruptcy case on the mortgage account and that the holder and/or servicer contends are (1) allowed by the note and security agreement and applicable non bankruptcy law, and (2) recoverable against the debtor or the debtor's account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case.

10.    All allowed secured claims and priority claims shall be paid before any unsecured claim is paid.

Respectfully submitted 5/27/15.

_____
Salvador C. Ramirez
Attorney for Debtor
Salvador C. Ramirez, Attorney at Law
5959 Gateway West, Suite 439
El Paso, TX 79925
(915) 771-8525 Fax:(915) 771-8741
Address/Phone & Fax Number

_____
Marco A Mendoza
Debtor
11597 James Grant Drive
El Paso, TX 79936
Address

_____
Co-Debtor

_____
Address

**ATTACH PROPOSED PAYMENT SCHEDULE, IF AVAILABLE**

# United States Bankruptcy Court
## Western District of Texas

In re   **Marco A Mendoza**                                    Case No.   **15-30345**
                        Debtor(s)                              Chapter    **13**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Chapter 13 Plan was served on **5/27/2015**, on the persons listed below and/or on the attached list, at the addresses listed, by the following method(s):   **first class mail**.

_____
Salvador C. Ramirez
Attorney for Debtor

To:

Stuart C. Cox
Chapter 13 Trustee
1760 N. Lee Trevino
El Paso, Texas 79936

American Express
P.O Box 981537
El Paso, TX 79998-1537

Citibank
PO Box 6241
Sioux Falls, SD 57117

Citicorp
c/o CACH, LLC
4340 S. Monoco, 2nd floor
Denver, CO 80237

CitiMortgage, Inc.
c/o 1000 Technology Drive
O Fallon, MO 63368-2240

City of El Paso Tax Assessor Collector
2 Civic Center Plaza #123
El Paso, TX 79901

Credit Management
4200 International Pkwy
Carrollton, TX 75007

Discover
Attn: Bankruptcy Dept.
PO Box 3025
New Albany, OH 43054

Dora E. Hartfrant
c/o Texas Attorney General Child Support
PO Box 659791
San Antonio, TX 78265-9791

GECRB/Home Design
C/O P. O. Box 965036
Orlando, FL 32896-5036

GECU
P.O. Box 20998
El Paso, TX 79998

Internal Revenue Service
300 E. 8th Street, STOP 5026 AUS
Austin, TX 78701

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Mitrisin, Beverly, Substitute Trustee
6701 N. Mesa Suite B
El Paso, TX 79912

Shapiro Schwartz, Attorneys
1305 Northwest Freeway, Suite 1200
Houston, TX 77040

Time Warner
7010 Airport Rd.
El Paso, TX 79906

U. S. Attormey General
Main Justice Building, room 5111
10th and Constitution Av., NW
Washington, DC 20530

United States Attorney
Western District of Texas
601 N. W. Loop 410, Suite 600
San Antonio, TX 78216

Verizon
PO Box 26055
Minneapolis, MN 55426